# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No. 1:12-CR-22 (WLS) |
| VICTORIA METZ, | : |
| | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Victoria Metz's *pro se* Motion for Bond Pending Appeal. (Doc. 72.) For the reasons that follow, Metz's motion is **DENIED.**

## PROCEDURAL BACKGROUND

On January 16, 2013, a jury found Defendant Victoria Metz (Metz) guilty of ten counts of theft of government property and six counts of aggravated identity theft, all arising from Metz's role in negotiating stolen U.S. Treasury Checks at Colony Bank in Leesburg, Georgia. Following her conviction, the Court sentenced Metz to forty-eight months' imprisonment—twenty-four months for each count of theft of government property, to run concurrent to one another, and twenty-four months for each count of aggravated identity theft, to run concurrent to one another but consecutive to the convictions for theft of government property.

Metz appealed. In her appellate brief, she argues the evidence was insufficient to support her conviction for aggravated identity theft. She did not brief—and presumably does not challenge[1]—her convictions for theft of government property.

Metz has remained on bond since her appeal. The Bureau of Prisons directed her to report to a designated facility February 3, 2014 to begin her sentence. This prompted Metz to file a *pro se* Expedited Motion for Continuation of Bond and/or Motion for Bond Pending Appeal, contending that she satisfies the conditions of 18 U.S.C. § 3143.

---

[1] At trial, Metz's trial counsel informed the jury she would not challenge the first ten counts for theft of government property, only the charges for aggravated identity theft.

1

In particular, Metz argues she is neither a danger to the community nor a flight risk and that there was abundant evidence at trial to establish she lacked intent to commit aggravated identity theft.

The United States opposes Metz's motion on the ground that she has failed to present a substantial question of law or fact. Even if Metz's appeal resulted in a reversal, the Government asserts, she would still face twenty-four months in prison for theft of government property, which she does not challenge. The United States also argues Metz has not presented a substantial question because the jury was entitled to believe the Government's evidence and discredit Metz's testimony.

## **DISCUSSION**

Metz's motion for bond pending appeal must be denied. Even if Metz is not a danger to the community or a flight risk, she has failed to demonstrate her appeal raises "a substantial question of law or fact" likely to result in a reversal or a term of imprisonment less than the expected duration of appeal.

Under 18 U.S.C. § 3143(b), a sentencing court "shall order" a defendant sentenced to term of imprisonment detained pending appeal, unless the Court finds, among other things, that the appeal is not for the purposes of delay and presents a "substantial question of law or fact" likely to result in a reversal, an order for a new trial, or a term of imprisonment less than the time served plus the expected duration of appeal. § 3143(b)(1). A "substantial question" is "one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). A "substantial question" is not limited to only a certain category of issues. *Id.* As such, "[w]hether a question is 'substantial' must be determined on a case-by-case basis." *Id.*

Metz has failed to show her appeal raises a substantial question of law or fact. Metz's appellate brief is limited to the single issue of whether there existed adequate evidence to convict her of aggravated identity theft. During its review, however, Eleventh Circuit will "view the evidence in the light most favorable to the Government and resolve all reasonable inferences and credibility evaluations in favor of the jury's

2

verdict." *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011) (quoting *United States v. Robertson*, 493 F.3d 1322, 1329 (11th Cir.2007)). As long as a reasonable jury could find the evidence established guilt beyond a reasonable doubt, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *Id.* (citations omitted).

There was ample evidence for a reasonable jury to convict Metz of aggravated identity theft beyond a reasonable doubt. At trial, for example, the Government presented evidence that Metz confessed to negotiating U.S. Treasury checks as a teller at Colony Bank and often pocketed a large portion of the proceeds. In her defense, Metz claimed that another person was present when she cashed the checks, and she assumed he had permission to use the names and signatures on the checks. Bank security cameras, however, showed that no one was present at Metz's teller window when she cashed the checks. Moreover, a jury could have inferred Metz's mental state from her training and experience as a bank teller and from the recurring inconsistencies and revisions in her explanations.

Besides, even if Metz does present a substantial question on her convictions for aggravated identity theft, her appeal does not purport to challenge her convictions for theft of government property. As a result, Metz faces two years' imprisonment regardless of the outcome of the appeal. The Eleventh Circuit is unlikely to spend two years resolving her appeal.

## CONCLUSION

For those reasons, Metz's motion (Doc. 72) is **DENIED**.

**SO ORDERED,** this   31st   day of January, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
 **UNITED STATES DISTRICT COURT**

3